MILLER, Judge.
Murrell Stansell appeals from the judgment forfeiting his 1971 Dodge Charger *873 automobile to the use of or sale by Sam James, Sheriff of Natchitoches Parish, as permitted for violation of LSA-R.S. 40:989. We reverse.
On May 17, 1973, Stansell’s son Charles was arrested on suspicion of burglary. Charles consented to a search of his apartment and the vehicle in question. Found in the car were two yellow or orange pills imprinted with the letter “A”. These pills contained methamphetamines, a controlled dangerous substance as defined in LSA-R. S. 40:964(111).
On August 17, 1973, the District Attorney for Natchitoches Parish ruled Stansell into court to show cause why the vehicle should not be forfeited under LSA-R.S. 40:989. At the conclusion of the hearing, the trial judge ordered the forfeiture of the vehicle.
Stansell and the District Attorney view this appeal as a test of the constitutionality of the forfeiture provisions of LSA-R.S. 40:989. Stansell contends that such a provision violates the Due Process Clause of the Fourteenth Amendment, while the D.A. points to a line of cases upholding such a procedure as a valid exercise of the State’s police power. Our finding that the trial judge committed manifest error as well as error of law pretermits consideration of the grave constitutional questions argued by counsel.
The testimony was not transcribed, but counsel entered a joint stipulation summarizing the testimony at Tr. 9 — 15. A review of the stipulated testimony shows manifest error in that the presence of the dangerous substance was explained and Stansell came within an exception to the forfeiture statute.
Chief Hyams testified that Charles submitted himself for arrest pursuant to a warrant issued in connection with the robbery of a Natchitoches drugstore. Charles consented to a search of his apartment and the vehicle in question. Chief Hyams found two small tablets (smaller than aspirin size) of a yellow or orange color on the floor of the Charger. After consulting a manual used to identify drugs and their manufacturer, Hyams made a visual identification of the pills as “desoxyn”, a methamphetamine. The tablets were placed in a plastic “evidence bag.” They were described on the label as “2 yellow pills with A on pill.” Tr. 3.
While Charles was momentarily left alone, he tore into the bag and swallowed the pills. Hyams took him to a hospital to have his stomach pumped. The contents were examined and found to contain methamphetamine. On the basis of this conduct and Charles’ adverse demean- or on the witness stand the trial court properly rejected Charles’ testimony.
Miss Debra Cushman testified that she had been a passenger in the Charger on numerous occasions, having dated Charles since March, 1972. She estimated that she was a passenger in the vehicle two or three times each week since that time. She testified that for weight control she was issued a prescription for desoxyn by a licensed physician in Winfield, La. This prescription was filled at Gibson’s Pharmacy in Natchitoches.
Miss Cushman testified that she carried the prescription bottle and its contents in her purse. She remembered dropping her purse in the Charger and spilling the contents on the floor prior to May 17, 1973. The prescription bottle was with her at the time and she lost a portion of the contents of the bottle. The prescription label on the bottle is dated March 27, 1973.
A licensed and registered pharmacist for Gibson’s, Mr. Avery East, testified that he filled a prescription issued by a physican to Miss Cushman for the drug “desoxyn” on March 27, 1973. East further testified that “desoxyn” is a methamphetamine tablet smaller than aspirin size, orange or yellow in color, and contains the letter “A” imprinted thereon, designating Abbott Laboratories.
*874 Charles testified that Miss Cushman had often been a passenger in the Charger since March of 1972. He admitted swallowing the pills and attempted to explain this action by attributing his rash behavior to nervousness and anxiety.
As noted Charles’ testimony was properly rejected. The trial judge also rejected “as untrustworthy the testimony of Miss Cush-man, insofar as it relates to her testimony as to how the pills happened to fall onto the floor and be in the vehicle. Although she states that the pills were to be used by her for diet purposes, the Court observed that she had no weight problem whatsoever and appeared to be of normal height and size.”
While great latitude is allowed to trial judges in evaluating credibility, we look to the reasons assigned for justification and to the record for confirmation of these reasons. The reasons assigned for rejecting Charles’ testimony included reference to Charles’ actions and demeanor and a statement based on these observations. The trial judge did not discredit Miss Cushman’s testimony on the basis of her demeanor alone but rather because he concluded that she did not need diet pills because she “appeared to be of normal height and size.” Totally ignored was the fact that the prescription was filled on March 27, 1973, some five months before she appeared to testify. In relying upon Miss Cushman’s appearance to discredit her need for diet pills, the trial court disregarded the fact that Miss Cushman obtained the pills pursuant to a valid prescription. The summarily rejected defense was also supported by other evidence.
Ignored was the testimony of the licensed pharmacist who verified the existence of the prescription and the issuance of the tablets. Ignored also was his description of the tablets, a description which precisely coincided with the pills found in the Charger. Had the trial judge based his rejection of Miss Cushman’s testimony solely upon observation of her demeanor and other factors which normally influence the trial judge’s determination of credibility, we would be confronted with a more perplexing and perhaps irreversible problem of factual determination. But a visual determination of what constitutes “normal height and size” is a highly subjective one which will vary widely from person to person, from male to female, as well as from observer to the observed. It is even more unreliable when undertaken some five months after the person in question has obtained a prescription to take steps to achieve “normal size.” Some persons might think they require “pills” to reduce when they reach a weight of 110 pounds. We reject the basis upon which the trial judge determined Miss Cushman’s testimony to be unreliable.
To determine if the forfeiture of the Charger was in order, we now examine the provisions of LSA-R.S. 40:961 et seq.
LSA-R.S. 40:962 provides that all substances listed in section 964 are controlled. Methamphetamines are listed in Schedule III of section 964. Section 989 Subd. A(4) provides for the forfeiture of vehicles used to transport controlled dangerous substances acquired in violation of LSA-R.S. 40:961 et seq. Section 968(C) describes the prohibited act of possession of Schedule III drugs “ . . . unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner . . . while acting in the course of his professional practice. . . ” “Practitioner” is defined in section 961(25), and a licensed pharmacist meets the requirements of that section. Section 990 Subd. A places the burden of proof in establishing an exemption or exception to the provisions of that part upon the person claiming its benefit.
We find that Murrell Stansell met the burden of proof imposed upon him to establish an exception to the forfeiture provisions of LSA-R.S. 40:989. It was established that Miss Cushman was issued a prescription by a licensed practitioner. *875 The pills found on the floor of the Charger were described in precisely the same terms by Chief Hyams, the label on the evidence bag, and the issuing pharmicist. These pills were lost when the contents of Miss Cushman’s purse spilled on the floor of the Charger. In rejecting this testimony the trial judge committed manifest error. We find that Mr. Stansell has proven that the pills found in his Charger were issued pursuant to a valid prescription. The pills were thus not acquired in violation of LSA-R.S. 40:961 et seq., as required for a valid forfeiture under LSA-R.S. 40:989 Subd. A (4).
The trial court judgment is reversed. It is ordered that the 1971 Dodge Charger, Serial No. WP29 G1G10511 be returned to Murrell Stansell, and the order of forfeiture is hereby set aside. Costs of these proceedings in the trial court and on appeal are taxed to appellee insofar as permitted by LSA-R.S. 13:4521.
Reversed and rendered.